**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No.  **5:14CR50035-TLB** |
| | ) | |
| **SCOTT SHOLDS** | ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW the defendant, **Scott Sholds**, by the Office of the Federal Public Defender and its attorney, **Jack Schisler**, and does hereby respectfully move this Court as to the following: for a sentence of 360 months imprisonment.  Counsel anticipates the sentencing hearing can be concluded in two hours.

### *Preliminary Conclusion*

A sentence of 360 months on Counts One through Four and a 240 month sentence on Count Five, run concurrently for a total sentence of 360 months, followed by a term of supervised release of not less than five years on each count is a legally sufficient sentence under the facts of the case.  Now 32 years old, Mr. Sholds would be close to 60 upon release, having served approximately half his life in prison.

### *Procedural Background*

Mr. Sholds pled guilty on July 14, 2014 to a five-count indictment charging four counts of production and one count of possession of child pornography.  The initial Presentence Investigation Report (PSI) was filed on September 15, 2014.  Mr. Sholds filed objections to the report.  An addendum accompanying the final PSI, filed on October 21, 2014, addressed the objections.  The objections do not impact the guideline range.  The advisory range of 360 to 1680 months (30 to 140 years) is based on a total

offense level of 42 and a criminal history category of VI.  Sentencing is set for November 7, 2014.

*Facts*

At age 32, Mr. Sholds is a drug addict, suffers from mental illness, and had an impoverished and abuse-filled upbringing.  PSI, ¶¶ 79-96.  Although he has used a variety of controlled substances, methamphetamine has been his downfall.  He began using meth some two years ago, and never stopped using it.  The addiction began with occasional use escalating to daily use, and then the amount used per day increased. On the day of his arrest, he was using close to two grams of methamphetamine per day. The Drug Enforcement Administration describe meth as a "highly addictive drug."  The effects on mental function are pronounced, and can include " . . .  anxiety, confusion, insomnia, and psychotic features . . . ".[1]  Mr. Sholds advised the police he was intoxicated on methamphetamine at time of the offense conduct.  PSI, ¶ 26.

Various mental illnesses have plagued Mr. Sholds since he was young.  He began counseling at age 9.  By the time he was 12, his family had moved four times. By age 12, he began getting in trouble.  From age 14 to 18, he lived in a juvenile group home.  Mr. Sholds attributes his mental and emotional issues to separation from his father, and being sexually abused from age 6 to 14, by individuals including his younger brother.  Mr. Sholds' mother advised the probation officer she was not aware of the abuse, but does not doubt it happened, as similar abuse was revealed much later with other family members.  PSI, ¶ 80.  Sholds suffered from Attention Deficit Disorder and Attention Deficit Hyperactivity Disorder when a child.  In later life, he suffered from

---

[1]Drugs of Abuse, 2011 Edition: A DEA Resource Guide, p. 48

bipolar disorder, depression, borderline personality disorder, and borderline schizophrenia for which he was treated while in prison.  He has had a number of suicide attempts over the course of his life.  Carol Stevens, the mother of Mr. Sholds' four-year-old son, and who had been in a relationship with Mr. Sholds for the past six years, verified the suicide attempts and his mental health issues.  PSI, ¶ 88.

Mr. Sholds has a high school education, and has been licensed as a structural welder.  He came to Northwest Arkansas approximately three years ago because of the demand for skilled welders.

The images at issue involve four cell phone videos, taken over the course of five minutes on April 10, 2014  totaling 3 minutes 52 seconds, and two still images.

Mr. Sholds is remorseful for his conduct.  He admitted his guilt to this Court with the understanding that pleading guilty, accepting responsibility, and giving up his right to a jury trial might very well have no impact on his ultimate sentence.  Mr. Sholds chose not to go to trial because he did not want to further impact the victim and the victim's family, as well as his own family.  He is guilt-ridden over his conduct, and realizes what he has done is visiting the cycle of abuse and abandonment he suffered on another generation–the victim in this case, and his own young son–who will be without a father for much of his life.

Mr. Sholds is in criminal history category VI, but none of his prior convictions are similar to the instant offense.  There is no evidence that he has had any inappropriate conduct with any other children.  The birth of his son seemed to have a positive effect on Mr. Sholds.  Other than a misdemeanor assault conviction in 2011, Mr. Sholds' contacts with the police became less serious, and involved offenses related to not

having a driver's license.  But even as this area of his life improved, his decision to try methamphetamine would turn out to be his undoing.  That addiction, likely in conjunction with his mental health issues, led to the five minutes in the spring of 2014 that will define his life for years to come.

<u>*Law & Analysis*</u>

Deemed advisory since 2005, the Federal Sentencing Guidelines are now just one of several criteria a sentencing court considers when imposing a sentence.  *United States v. Booker,* 543 U.S. 220, 223 (2005).  The process a sentencing court must follow since *Booker* involves three steps:  first, it must determine the appropriate advisory sentencing range, then examine the propriety of a traditional departure under the guidelines, and finally consider the factors set forth in 18 U.S.C. § 3553(a) to determine whether to vary from the guidelines.  *See U.S. v. Garlewicz*  493 F.3d 933, 937 (8th Cir. (2007).

*Determination of Advisory Range*

Mr. Sholds agrees that 360 to 1680 months, based on offense level 41 and criminal history category VI, is the correct advisory range.  The government's position that an additional enhancement should be imposed for "vulnerable victim" pursuant to U.S.S.G. § 3A1.1 was rejected by the probation officer in the addendum, who noted that enhancement should not be imposed when what makes a victim vulnerable is incorporated into the offense guideline.  The victim's age has been taken into account, and her small "size, limited physical/mental ability to resist abuse, and limited verbal skills" are all due to her age.  Addendum, p. 3, Response to Objection Six.  .

*Applicability of a Traditional Departure*

Mr. Sholds is not seeking a traditional departure, but believes U.S.S.G. § 5H1.3, Mental and Emotional Condition, in combination with U.S.S.G. § 5H1.4, Physical Condition including Drug or Alcohol Dependence or Abuse support a sentence at the low end of the advisory guideline range.  Both of these factors are present in Mr. Sholds' case, and while they are not being relied on to support a departure, they are circumstances that warrant the Court's consideration.

*Application of § 3553(a) Factors to Determine if a Variance is Warranted*

Mr. Sholds is not seeking a variance from the advisory range, but does ask the Court to sentence him at the low end of the range.  An analysis of the 18 U.S.C. § 3553 factors supports the suggested sentence.

In deciding on an appropriate sentence, the court should consider the nature and circumstances of the offense, and the history and characteristics of the defendant.  It should also consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. In addition, the court should also consider whether or not the sentence would provide adequate deterrence and protect the public from further crimes of the defendant.  Along with a consideration of the advisory guideline range, the court should also consider the need for the sentence imposed to provide the defendant with medical treatment, vocational training, education, or correctional treatment.  The court should also address the need for the sentence imposed to avoid unwarranted sentencing disparities.  Each of these purposes can be satisfied with regard to Mr. Sholds with a sentence of 360 months in prison.

*Nature and Circumstances of the Offense*

Creating images of sexually explicit conduct involving children is a detestable offense.  It can have a long-lasting impact on its victims.  But, as with every category of crime–even the production of child pornography–there is a spectrum of conduct.  If every offense was the same, there would be no need for a range of punishments, either as set by statute or by a set of advisory guidelines.  There would be a single punishment.  Instead, our system calls for the punishment to fit the crime.  Mr. Sholds' crime warrants a very long prison sentence, and thirty years–just two years less than Mr. Sholds has been alive–for a one-time event that took place in the span of five minutes, is that very long prison sentence.

*History and Characteristics of the Defendant*

Mr. Sholds is 32 years old.  He has no criminal history similar to the instant offense.  He accepted responsibility for his conduct.  While initially denying the conduct, as most criminal defendants to, Mr. Sholds did ultimately admit his role.  He did show remorse, and spared the victim and her family from the stress of a trial.  The offense conduct was essentially a single event, despite the fact that four videos were produced. Had the video not stopped and restarted, there would be only one count of production. Mr. Sholds, although mentally ill and addicted to methamphetamine, cannot have his conduct excused for those reasons, but they are part of his character, and undoubtedly played a part in the offense.

*Seriousness of the Offense*

Because children are the subjects of production offenses, mandatory prison time is required by law.  360 months in prison, the requested sentence for Mr. Sholds, would be a sentence ten times longer than the longest sentence he has previously served.

Being removed from society for 30 years, due to conduct of an extremely short duration, and which hopefully will not be remembered by the victim, is a serious, substantial, and effective punishment when viewed in light of § 3553(a).

*Promote Respect for the Law; Provide Just Punishment*

Three decades is considered the length of a generation in many developed nations.  That time period is measured from the birth of a person, to that person bringing a child into the world.  The definition fits Mr. Sholds' situation.  He is 32, and his four-year-old son was born when he was 28.  A 30-year sentence–a generation in prison--sends a powerful message to the public, to other potential offenders, and to this individual defendant, that when this particular law is broken, the consequences are life-altering.  In light of the nature of the offense, and in conjunction with Mr. Sholds's history, this sentence would also be fair and reasonable.

*Adequate Deterrence; Protect the Public*

Deterrence is accomplished with the suggested sentence.  Mr. Sholds will not be able to duplicate the conduct for which he was convicted while he is imprisoned.  While incarcerated, Mr. Sholds will be isolated from normal society.  Upon his eventual release, conditions of supervised release can be tailored to make certain his law-abiding behavior continues.  A 360-month sentence is sufficient to deter Mr. Sholds's specific conduct, to send a message of deterrence to others, and to protect the public.

*Medical Treatment, Vocational Training, Education, or Correctional Treatment*

Any of these purposes of punishment could be met with the suggested sentence. Mr. Sholds has never had drug treatment.  His access to mental health treatment has been limited, and seemingly ineffective.  He wants to improve himself.  30 years is

enough time to participate in every program the Bureau of Prisons offers. During that time, he will have ample opportunity to think about his past choices, how those choices have affected him as well as others, and about his future. With the assistance that can be provided to him while incarcerated, Mr. Sholds will ideally emerge a better person.

*The Advisory Guideline Range*

A sentence within the advisory guideline range is considered presumptively reasonable on appeal. A sentence at the low end of the range enjoys the same presumption as a higher sentence. In the instant case, the advisory range is 360 to 1680 months. The parsimony principle of § 3553(a) calls for the use of less resources rather than more when less will do. A sentence of 360 months addresses all the concerns set out by the statute. It addresses the seriousness of the offense, protects the public, promotes respect for the law, and is a just punishment. A sentence any higher would violate that principle, and waste resources rather than conserve them.[2]

*The Need to Avoid Unwarranted Sentencing Disparities*

It is common sense that worse offenders should receive harsher punishments. Mr. Sholds is not the most egregious of child pornography producers. He did not target multiple victims. He does not have a prior sex offense conviction. He should not receive a sentence as severe as those handed down in recent production cases sentenced by this Court. In *U.S. v. Glen Baughman*, 5:13CR50080-TLB, the sentence was 720 months (multiple victims). In *U.S. v. Jesse Oziah*, 5:13-CR-50103-TLB, the sentence was 660 months (prior sex offense conviction). Both of those cases involved

---

[2]Even an increase of 120 months would cost taxpayers $289,479.60.

children, and both involved sexual contact, but had aggravating circumstances absent from Mr. Sholds' case.

*Sufficient But Not Greater Than Necessary*

The parsimony principle of § 3553(a) directs a sentencing court to " . . .  impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."  Under the circumstances of this case, and in balancing the seriousness of the offense with the characteristics and history of Mr. Sholds, a sentence of 360 months custody is a reasonable, just, effective and substantial sentence.

<u>Conclusion</u>

Mr. Sholds has admitted his crime, and understands that he will be incarcerated for many years.  But taking into account the obstacles he faced–some of his own doing, and some outside his control–the relative severity of his conduct, his lack of similar conduct, and his remorse, Mr. Sholds respectfully requests the court to consider a guideline sentence of 360 months.

WHEREFORE, Mr. Sholds respectfully requests this Court to impose the sentence requested.

Respectfully submitted,

BRUCE D. EDDY
FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF ARKANSAS

By:    /s/ *Jack Schisler*
        Jack Schisler
        Assistant Federal Public Defender
        3739 N. Steele Blvd., Ste. 280
        Fayetteville, AR 72703

(479) 442-2306

Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Dustin Roberts, Assistant United States Attorney, and I hereby certify that I have mailed the document by the United States Postal Service to the following non-CM/ECF participants: none.

/s/ *Jack Schisler*
Jack Schisler
Assistant Federal Public Defender