IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CASE NO.   5:14CR50035-001 |
| | ) | |
| | ) | |
| SCOTT SHOLDS | | |

### GOVERNMENT'S SENTENCING MEMORANDUM

Comes now the United States of America, by and through Dustin Roberts, Assistant United States Attorney and files this Sentencing Memorandum. For all matters relevant, the Government states the following:

### OVERVIEW AND SENTENCE RECOMMENDATION

On or about May 7, 2014, the defendant, Scott Sholds, was named in a multi-count Indictment filed in the Western District of Arkansas, charging him with Four (4) Counts of Production of Child Pornography, and one (1) Count of Possession of Child Pornography. On June 14, 2014, the defendant pleaded guilty to all Counts. The offense conduct set out in the plea agreement overall reflects that the defendant took four separate videos of himself anally and vaginally raping a two year old female who was left in his custody. Additionally, he produced and possessed multiple sexually explicit still images of the minor.

At present, U.S. Probation's calculation of the sentencing guidelines set out in the Pre-Sentence Report (PSR) reflects an advisory range of 360 to life, which is capped by the offense maximum of 1,680 months or 140 years. There remains one objection to the PSR, in which the Government maintains there should be a 2 level increase to the guideline calculation pursuant to the vulnerable victim enhancement set out at U.S.S.G. § 3A1.1. If the Court finds that the

1

vulnerable victim enhancement applies, then the resulting offense level is 43, with a recommended sentence range of Life. The defendant is currently scheduled to be sentenced on November 7, 2014.

During the sentencing hearing, the Government anticipates calling a Fayetteville Detective to offer testimony/evidence supporting the vulnerable victim enhancement. This testimony should take less than thirty (30) minutes. As reflected in the below argument, The Government asserts that the two year old minor should be deemed a vulnerable victim and a term of imprisonment of 140 years is appropriate considering the facts of this case and the defendant's criminal background.

### I.     APPLICATION OF VULNERABLE VICTIM ENHANCEMENT

The Government maintains that based on the victim's mental and physical limitations, including specifically that she lacked the physical ability to resist, object to, or to report the sexual abuse she suffered at the hands of the defendant, she should be deemed a "vulnerable victim" and the current guideline calculation should be raised 2 levels.

U.S.S.G. § 3A1.1(b), generally termed "Hate Crime Motivation or Vulnerable Victim," states as relevant here, "if the defendant knew or should have known that a victim of the offense was a vulnerable victim, increase by 2 levels." Application note two further defines this provision in that a "vulnerable victim means a person, who is a victim of this offense of conviction…and who is unusually vulnerable due to age, *physical or mental condition*, or who is otherwise particularly susceptible to criminal conduct." However, application note two also states that this enhancement should not be applied if the factor that makes the person a vulnerable victim is incorporated in the offense guideline." An example of this, if the offense guideline provides for an enhancement for the age of the victim, vulnerable victim would not apply unless the victim was

unusually vulnerable for reasons unrelated to age. In this case, the PSR without objection from either side applies the guideline enhancement 2G2.1(b)(2), which is a four (4) point increase for images depicting a prepubescent/ minor under 12. (See PSR 44).

Relevant to the current legal issue, the Ninth Circuit in *United States v Wright*, 373 F.3d 935, 942-44 (9th Cir. 2004), upheld the application of both the vulnerable victim enhancement and the 2G2.2(b)(2) (prepubescent/under 12) enhancement in a child pornography case where the "victims ranged in age from eleven months to four years." In doing so, the Ninth Circuit explained "most children under 12 are well beyond the infancy/toddler stages during which they are most vulnerable." *Id*. at 943. Moreover, the Ninth Circuit held "though the characteristics of being an infant or toddler tend to correlate with age, they can exist independently of age, and are not the same thing as merely not having attained the age of twelve." *Id*. This specific issue of whether the age enhancement and the vulnerable victim enhancement are mutually exclusive when considering the physical/mental limitations of infants/toddlers was also addresses recently in *United States v Jenkins*, 712 F.3d 209 (5th Cir. 2013). In *Jenkins*, the Fifth Circuit, citing the *Wright* decision, likewise upheld the application of both enhancements at issue to a possession/receipt child pornography case. In holding such, the Fifth Circuit stated that concluding that the vulnerable victim could never apply in cases in which the minor fits the age criteria, but is otherwise particularly vulnerable for reasons related to age, would be "illogical and unreasonable." The Court in *Jenkins* explained that "a person who is unable to walk is no doubt especially vulnerable to many crimes …[and] we see no reason why a "vulnerable victim" enhancement based on inability to walk should be applied to paralyzed children, but not to infants." *Id*. at 214. In summary, the Fifth Circuit agreed with the Ninth Circuit, in cases involving infants and toddlers, "the victims vulnerability is not fully incorporated into the offense guideline by the "under twelve"

enhancement." *Id*.

In the current case, the defendant pleaded guilty to four counts of Production of Child Pornography and to one count of Possession of Child Pornography. The PSR reflects that in each instance that the defendant produced child pornography, he recorded himself either anally or vaginally raping the 2 year old. While raping the minor, the defendant called the minor such things as "good girl" and "daddy's good girl." On the recordings, the minor simply cried and could not be heard saying anything intelligible. All of the videos were made on April 10th of this year. The defendant was not arrested until five days later when another individual reported the existence of the videos to the police. Later on April 15, the two year old victim was forensically interviewed by the Children Safety Center in Springdale, Arkansas. At that time, she was unable to make a disclosure of abuse and the Sexual Assault Nurse Examiner who conducted the examination of her noted that she had "limited verbal skills."

Obviously, an individual who victimizes a two year old limits his exposure when it comes to the victim resisting the abuse or reporting it thereafter. The minor, even though the medical examination did reveal bruising and abrasions around her anus, could not complain effectively of the pain he caused while the defendant raped her. Any verbal resistance, other than crying, is negligible. She could not tell the defendant no. She could not physically resist him. She could not report this abuse to her mother or authorities. All she could do is endure this sexual torture and cry. Clearly, her inabilities to physical resist the sexual abuse, verbally protest the abuse, and or report such is not fully incorporated or accounted for in the enhancement for being a minor under 12. Emotionally, physically, and mentally, a toddler belongs to one of the most vulnerable classes of people in our society. This vulnerability is especially true with regard to forced sexual abuse by an adult. If this was a ten year old victim, who, like the minor victim here, had limited verbal and

physical abilities, the vulnerable victim enhancement would apply. An age based enhancement exists because older victims, although the abuse is still not justified, have more of a mental capacity to deal with such. But that is a different concept from being physically or mentally helpless to prevent, consent to, or physical resist or report such abuse. Consequently, the Government asserts that the victim in this case fits any and all criteria for being physically and mentally vulnerable, and the 2 point enhancement at U.S.S.G. § 3A1.1(b) should be applied in this case.

## II.     SENTENCING RECOMMENDATION

As reflected in the below argument, the Government submits 140 year sentence is appropriate in this case pursuant to both the sentencing guidelines and the 3553(a) factors. The Government asserts such a disposition is proper primarily because the offense conduct involved is among, if not the most, egregious ever presented to this Court, but also because the defendant has an extremely lengthy felony criminal record.

### A.     NATURE AND CIRCUMSTANCES OF OFFENSE

The overall facts of this case, reflect that in April of 2013, the defendant was living with Courtney Baxter, and her three children ages two, five, and seven respectively. On April 10th, a social worker picked up Courtney Baxter and her eldest child and drove them to a counseling appointment at the Ozark Guidance Center. (PSR 20, 22) While she was gone, the defendant was left in charge of her two youngest children. (*Id*).   During said time period, the defendant recorded himself on a cellular phone anally and vaginally raping the youngest child. On the recordings, he can be heard telling her that she is "daddy's good girl" and, among other things, "she has a tight little asshole." (PSR 31-34) In addition to making separate videos of this sexual abuse, he also produced two still photos that were focused on the minor's genitalia. (PSR 35) These images

remained on the defendant's cellular phone for 5 days until another individual came into possession of the phone and reported the images to law enforcement. (PSR 12) During the subsequent investigation, Shold's first denied any criminal activity, including the sexual assaults, and later provided law enforcement a statement in which he admitted the abuse, but claimed he was half asleep, coming down off a drug high, and/or believed he was preforming the acts on the mother of the victim. (PSR 18, 24-29). He also admitted that he viewed one of the videos at issue the morning following the rape. (PSR 28) The minor victim underwent a medical examination in which the Sexual Assault Nurse noted injury in and around the anus of the minor. (PSR 19)

Clearly, the anal and vaginal rape of a two year old left in one's care and custody, by itself without even considering the defendant criminal past, supports the imposition of a life sentence.

## B.   DEFENDANT'S HISTORY/CHARACTERISTICS

The defendant at present, unlike most child pornography cases presented to this Court, has a criminal history score of 13, which places him in criminal history category VI. His criminal history includes multiple felony convictions for Burglary and Theft, as well as convictions for Domestic Assault and Criminal Trespass. The defendant's criminal convictions date back to 2001 and appear to be only interrupted by terms of incarceration. In fact, the longest time span since 2001 that the defendant has went without some criminal conviction is between 2004 and 2008, during which time he was serving a three year prison sentence.

While there does remain one objection to the PSR that would affect the guideline range, the defendant current is at an offense level 41. Within offense level 41, every criminal history category beyond Category I recommends a "360 to life" sentence. As such, in this circumstance, the guidelines fail to differentiate between individuals, like the defendant, who have lengthy criminal history and those who have minimal. So, even if the defendant was convicted of a lesser offense,

the Government would be arguing for a high end of the guideline sentence based on his criminal history alone. However, considering the extremely egregious conduct before this Court and in conjunction with his criminal record, the defendant has earned a sentence of 140 years.

### C. NEED TO AVOID UNWARRANTED SENTENCING DISPARITIES AND PROMOTE RESPECT FOR THE LAW

The offense conduct reflects that this case is among the most egregious child pornography cases that have been presented in the Western District of Arkansas.

Considering the level of depravity involved at present, the only case similar the Government has presented in the last five years is the case of *United States v Kirk Demeyer*, Case No. 3:09CR30011-001; 8th Circuit Court of Appeals No. 10-3596. In *Demeyer*, the defendant was sentenced to 120 years after pleading guilty to four (4) counts of Production of Child Pornography involving the sexual abuse of his own daughter. The offense conduct in that case reflected that the defendant had vaginal intercourse with his approximately 12/13 year old mentally disabled daughter on numerous occasions and otherwise subjected her to other forms of sexual molestation. This sexual abuse was video recorded by the defendant and distributed via the internet to other likeminded offenders.   However, even in *Demeyer,* the victim was not as young or helpless as the one at present.

To provide prospective, this Court has recently sentenced two individuals on charges of Production of Child Pornography to 60 and 55 year sentences respectively. In *United States v Baughman*, Case No. 5:13CR50080-001, the child pornography produced by the defendant depicted the defendant fondling the penis of a seven year old male and digitally penetrating the vagina of an approximately seven year old female. In *United States v Oziah*, Case No. 5:13CR50103-001, the sexual abuse depicted in the production focused on oral sex between the

defendant and an approximately eight year old male. In both of these cases, the defendant received length sentences, but in neither of the cases did the defendant have criminal history to the extent Shold's has or involve the penile rape of the minor.

Obviously, the Government in asking for a sentence of 140 years is asking for a sentence that will more than encompass the remainder of the defendant's life. The overall goal, of course, is to ensure the defendant is held accountable for his crimes and to provide justice for the victim. However, a sentence of 140 years will also serve to promote respect for the law and likewise provide a strong deterrence to this particular criminal behavior. While a term of imprisonment of 60 or 80 years would result in a life sentence for the defendant, it would not definitively reflect that the rape of a two year old by a career criminal will not be tolerated in the Western District of Arkansas. Quite simply, this conduct nor this defendant is deserving of any breaks or considerations.

## **CONCLUSION**

A two year old is among the most vulnerable individuals in our society and should be considered such under the sentencing guideline 3A1.1(b). With respect to the appropriate sentence to be imposed, considering the defendant's long criminal history and the depravity of the offense conduct at issue, the United States submits that a sentence of 140 years is warranted in this case.

Respectfully submitted,

CONNER ELDRIDGE
UNITED STATES ATTORNEY

By:   /S/ Dustin S. Roberts
Dustin S. Roberts
Assistant U. S. Attorney
Arkansas Bar No. 2005185
414 Parker Ave
Fort Smith,  AR  72902
Phone: (479)783-5125

## CERTIFICATE OF SERVICE

I, Dustin Roberts, Assistant U. S. Attorney for the Western District of Arkansas, hereby certify that a true and correct copy of the foregoing pleading was electronically filed on October 28, 2014 with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Jack Schisler
Assistant Federal Public Defender

/s/Dustin S. Roberts

Dustin S. Roberts
Assistant U.S. Attorney