Case 5:14-cr-50035-TLB   Document 47   Filed 01/22/18   Page 1 of 16 PageID #: 332

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JAN 22 2018

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

Scott Sholds Reg. No. 12253-010

USP Tuscon, P.O. Box #24550

Tuscon, Arizona 85734

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF ARKANSAS

FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | USDC NO 5:14-CR-50035-TLB |
| Plaintiff-Respondent | * | USCA8.NO.14-3720 |
| vs | * | |
| Scott Sholds | * | 28 USC §2255 |
| Defendant-Petitioner | * | |

MEMORANDUM BRIEF IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO TITLE 28 UNITED STATES CODE, SECTION 2255.

To the Honorable Judge;

    Comes now the petitioner, Scott Sholds, pro se in the above captioned cause, and respectfully moves this Honorable Court pursuant to Title 28 USC §2255 to vacate, set aside, or correct sentence imposed by this court on the 7th day of November, 2014. Petitioner is presently incarcerated at the Federal Correction Institution of Tuscon, Arizona, United States Penitentiary, and requests the lenience suggested in Haines v. Kerner, as to this legal document and its contents.

STATEMENT OF THE FACTS

ISSUE-I

THE CONVICTION IS UNCONSTITUTIONAL BECAUSE PETITIONER DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE FIFTH AND SIXTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

    Claims of ineffective assistance of counsel in

criminal cases are evaluated under a two-prong test set forth in Strickland v. Washington, 466 US 668 687-88, 694, 104 s.ct. 2052, 2064-74, 80 L.Fd.2d 674 (1984), and its progeny. "To succeed on any claim of ineffective assistance of counsel, a defendant must show that: (1) the attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, except for the attorney's unprofessional errors, the results of the proceedings would have been different. Vines v. U.S., 20 F.3d 1123, 1127 (11th Cir. 1994) (citing Strickland, supra.) In the plea bargaining context, a petitioner seeking to establish ineffective assistance of counsel must demonstrate that (1) counsel's advice and performance fell below an objective standard of reasonableness; and (2) the petitioner would not have pleaded guilty and would have insisted on going to trial in the absence of his attorney's errors. Hill v. Lockart 474 US 52, 58-59, 106 s.ct. 366370-71, 88 LFd.2d 203 (1985)

In Hill, 474 US @59, the court explained that, in many guilty plea cases, the "prejudice" inquiries would closely resemble trial inquiries; for example, where counsel failed to investigate and discover potential exculpatory evidence, which the inquiry would then depend on whther the error "prejudiced" the defendant by causing him to plead guilty rather than to go to trial will depend on the likelihood of discovery of the evidence would have changed the counsel's recommendation as to the plea: Thus, assesssing whether the likelihood of changing the outcome of trial. Or, similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged; the resolution of

-2-

the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial. Ibid.

In this case, counsel committed several errors and omissions which amounted to performance at a level below the acceptable objective standard of reasonableness for defense counsel in a criminal case. Petitioner asserts the following errors and omissions as ground for relief.

### SUMMARY OF THE CLAIMS

Petitioner asserts the following four claims for relief, as dscribed more fully below:

GROUND ONE:

A.) Petitioner was denied his Sixth Amendment right to effective assistance of counsel:

(i) failure to move for suppression of evidence based upon coercion of statement and failure to cease interview upon request for counsel consultation.

NOTING: ad hoc, GROUND TWO is raised and subordinate issue in support of effective assistance of counsel issues of GROUND ONE

(ii) Counsel's failure to motion in objection to Multiplicity of Counts.

NOTING: GROUND THREE is raised as a subordinate issue in support of ineffective assistance of counsel resulting in the court's erroneous application of the guidelines regarding multiplicity; and

NOTING: GROUND FOUR.2 is raised as a subordinate issue in support of ineffective assistanc of counsel resulting in abuse of discretion of the sentencing courts multiplicious

enhancements.

B.) GROUND FOUR.1 Identifies abuse of discretion on part of the court for imposing Sanction/Restriction on computer storage use when computers were not used in this case.

FACTS APPLICABLE TO CLAIMS FOR RELIEF

1.) Mr. Sholds son came home from his mother's apartment complex with a cellphone, later discovering it was not a toy due to it ringing.

2.) Days later, Mr. Sholds was confronted by law enforcement, who advised they received a complaint by Mr. Floyd Treash, that Mr. Sholds was in possession of Treash's cellphone. After explaining his possession of the phone, Mr. Sholds gave the officers the cellphone to return to Mr. Treash.

3.) Subsequently, Mr. Treash called and advised Law Enforcement that he had discovered child pornography on the said cellphone: Later depicting Mr. Sholds in an apparent oblivious drunken stupor, inserting his finger in the anus of a child.

4.) Mr. Sholds was charged with sexual explitation offenses, i.e. 18 USC §2251 (a) and (e), Production of Child Pornography, x-4 intervals within a matter less than five minutes, on the same date; and 18 USC §2252 (a) (5) (B) Possession of Child Pornography, for the images which were found on the phone in Mr. Treash's possession [DE.1]

5.) While detained at gail, Mr. Sholds was questioned on two occasions, which Mr. Sholds refused to answer and requested counsel. As retaliation, the jail portrayed Sholds as suicidal and placed him in isolation, in freezing temperatures, after taking his clothes, his bed, and blanket,

and advised him he was being held for further questioning. Sholds was denied any kind of phone call for over 24 hours; as well as legal assistance/consultation. On a third occasion, Sholds was advised that if he did not answer questions, he would receive further freezing torture; Thus, Sholds was forced to answer their questions against his will.

6.) By this, Sholds was denied his U.S. Constitution Fifth Amendment due process right to remain silent and his due process U.S. Constitution Sixth Amendment right to have and consult with counsel. This issue was raised and/or reported to the Magistrate, Erin L. Setser without decision, at Arraignment proceedings. [DE.8]

7.) Counsel, John B. Schisler, Federal Public Defender of Fayetteville Arkansas, refused to move the court for suppression of this questioning in violation of Miranda.

8.) Mr. Sholds recanted [DE.14] and plead guilty before the Honorable U.S. District Judge Timothy L. Brooks on July 14th, 2014 [DE.15] who sentenced Mr. Sholds to multiple counts, i.e. 4 counts of "exploitation of a minor," counts 1-4 (360 months on count-1; 360 months on count-2 to run consecutive to count -1; 360 months on count-3 of which 240 months will run consecutive to counts (1) & (2) and 120 months will run concurrently; 360 months on count four to run concurrently with all other terms; 25 years supervised release; $400.00 special assessment; and

9.) as to count-5, "Possession," the court sentenced Sholds to 240 months imprisonment to run concurrently with all other terms; 25 years supervised release to run concurrently; $100.00 special assessment. [DE.27]

10.) Schisler filed Notice of Appeal to the 8th Circuit [DE.29] on 11-19-14, and on 11-20-14, Sholds filed Notice of Appeal Supplement [DE.30] for additional issues to be raised on appeal that counsel refused to raise [USCA8 14-3720]

11.) Counsel raised abuse of discretion/substantive reasonableness of sentence, which the 8th Circuit denied on 7-1-16; Sholds supplemental appeal was unheard. (@§2255, ad hoc) Sholds petitioned for rehearing and rehearing en banc and his supplemental issues were denied by conflicting precedents.

12.) A full merits determination was denied and counsel effectiveness is challenged as appellate issues; (1) Whether the 8th Circuits decision... conflicts with 8th Circuit and Supreme Court precedents; (2) Whether the Blockburger v. U.S. analysis deems four criminal convictions of the same statutory elements constitutionally warrant one offense for sentencing; (3) Whether the Gall v U.S. analysis disparity of similar crime punishment on a national and local level pursuant to 18:3553, aggravating/mitigating factors warrant closer analysis under the 8th Circuits Kane-III precedent "substantial reasonableness" dictums...to avoid manifest injustice, ect, ad hoc.

## ARGUMENT

Considering the aforementioned, Mr. Sholds timely challenges his conviction and sentence under 28:2255(a) based on effective assistance of counsel both on trial and appellate levels as follows:

A.) Ineffective Counsel; MULTIPLICITY:

All previous paragraphs of this petition are

incorporated herin by reference.

  Mr. Sholds was deprived of his constitutional right to effective assistance of counsel because trial counsel failed to challenge multiplicious use of the ultimate offense. U.S. Constitution Amendments 6 & 5. The purpose of the Sixth Amendment counsel guarantee is to protect unaided layman at critical confrontations with the government as to the particular alleged crime. McNeil v. Wis., 501 US 171, 175, 177-178 (1991). Mr. Sholds offense-although under incapacitation obviously-consisted of four intervals of the same action in less than a five minute period. Conduct never stopped, only the intervals. Sholds contends that this was one offense under the test provided by the Supreme Court in Blockburger v. U.S., 284 US 299, 304 (1932), i.e., "[w]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whther each provision requires proof which the other does not. Id. Separate conduct or transactions occur if distinct separate acts take place at different times. Blockburger, Id, 284 US @301. In the instant case, Mr. Sholds conduct within those four intervals were the "same mode of action," and not separate and distinct. Thus, under Blockburger, supra, Mr. Sholds has ben exposed to due process double jeopardy violations. In respects to counsel's duty expressed in McNeil, supra, Blockbuger, supra, double jeopardy extends to the right to counsel. See Texas v. Cobb, 532 US 162, 173 (2001). Considering thus, counsel did not protect Mr. Sholds vital liberty interests in this regard, thus depriving Mr.

-7-

Sholds of his right to effective counsel, prejudicing Mr. Sholds with three additional convicctions in violation of due process, double jeopardy, and unusual punishment in violation of the 8th Amendment, allowing erroneous applications of the guidelines in abuse of the court discretion as the courts use of the guidelines is devoid of evidentiary support. Id. Jackson v. Virginia, 443 US 307, 319, (1979). (Ground 3, 4. @28:2255), and totally unreasonable. Thus, had Mr. Sholds been protected by his counsel, supra, and on Appeal, Mr. Sholds could not have legally been sentenced as is. Further, had Mr. Sholds went to trial as he started to [DE.14] two results were plausible. (1) Only one offense would have been deemed from a properly instructed and reasonable jury, and (2) considering the circumstances, Mr. Sholds offense conduct would have cuased acquittal of Child Exploitation and Possession charges, as

    (a) Mr. Sholds offense was not conducted within the sound mind of mens rea as a required showing U.S. v. Palomino, 805 F.3d 127 (4th Cir. 2015)

    (b) the video footage is not evidence that Mr. Sholds engaged in sexually explicit conduct with the victim to take a picture, nor for the purpose of exploiting of a minor. Palomino, supra, Id., 803 F.3d @132, see also U.S. v. Blank, 659 Fed. Appx. 727 (4th Cir. 2016) relying on Palomino; Mic D. Faucett v. USA (7th Circuit), 2016 U.S. App. LEXIS, 18364, relying on Palomino. See especially, 115th Congress, 1st Session, 2017, Report 115-137, H.R. 1761, where, in light of Palomino, supra, Congress rejected any other attempts than the aforementioned to prosecute Child Exploitation offenses. Thus,

in 2014, Sholds court would have to acquit, under color of law; and proceedings would have been thus, different. Stricland, supra.

(c) Considering the aforementioned, in light most favorable to the government as well as to Sholds possession charge, a properly instructed and reasonable jury would have acquitted on possession charges considering Mr. Sholds was not in possession of the child pornography alleged. Evidence would have revealed that Mr. Treash was in actual possession of the child porn when the officers retrieved the evidence from Mr. Treash. Thus, evidence to support possession is devoid, and proceedings would have been different, to result in acquittal. Strickland, supra. It is for these reasons, as well as that Mr. Sholds contends - in light of devoided by evidentiary support - that enhancements being multiplicious [Ground-4.2] is an abuse of discretion and completely, therefore, unreasonable. And counsel completely abandoned Mr. Sholds defenses [Ground-3] United States v. Cronic, 466 US 648 (2008). Counsels failure to use the rule 12(b) Fed. R. Crim. P. pretrial motions challenging defects in instituting the prosecution.

As unexplained by counsel on appeal, the district court abused its discretion by committing clear error of judgment in weighing the relevant factors by arriving at a sentence outside the range of choice dictated by facts not supported by the case. U.S. v. Jones, 507 F.3d 657 659 (8th Cir. 2007) (citing U.S. v. Burns, 500 F.3d 756, 760-61 (8th Cir. 2001), thus unreasonable due the double jeopardy, (Blockburger, supra) violation, and substantially

-9-

unreasonable. Gall v. United States, 552 US 38, 51 (2007)

B.) INEFFECTIVE COUNSEL; MIRANDA/SUPPRESSION

Incorporating the aformentioned facts of interview [¶5-7 above] and said facts, Mr. Shoulds was deprived of his rights to effective assistance of counsel because counsel failed to challenge violations of Mr. Sholds Miranda violations. U.S. Constitution Amendments 6 & 5. Relying on counsels duty and substial guarantee to protect Sholds, an otherwise unaided layman, McNeil, supra., his counsel failed to move to suppress statements made by sholds, under force and coercement by inhumane conditions. Rule 12(b) Pretrial Motions, requires that inter alia Rule 41, Fed. R. Cr. P., be made pre-trial. Fourth Amendment (U.S. Constitution Amendment 4) law under Miranda v. Arizona, 384 US 436 (1966), provides that a defendant may invoke Miranda rights to remain silent prior to, or during interrogation, thus, when indicating in any manner, at any time prior to or during questioning, that defendant wishes to remain silent, the interrogation must cease. Miranda, Id., 384 US @472-74. As demonstrated (¶5, above), Sholds invoked his right to consut with counsel on two occasions, which then the 6th Amendment right to counsel attached. Davis v. United States, 512 US 452, 458-59 (1994). To determine if a defendant's statements were involuntary, a court must ask whether, in the totality of the circumstances, law enforcement officials obtained the evidence by overbearing the will of the accused. Haynes v. Washingtone, 373 US 503, 513-141 (1963); see also Townsend v. Sarn, 372 US 293 307 (1963) (the test for involuntariness is whether suspects will was overbore or whether confession was product of intellect

and free will.  Obtaining testimonial evidence from a defendant by means of torture or other physical coercion violates the constitution, and evidence obtained by such means cannot be used at trial.  See Brown v. Mississippi, 297 US 278, 286-287 (1936).  Deeming that confessions extracted through coercion and brutality violated due process of the Fourteenth Amendment.  See also, Rex v. Teeples, 753 F.2d 840 (1985) deeming extracted confessions by coercion violates due process not withstanding the coercion is psychological rather than physical.  Rex, Ibid. Citing Haynes v. Washingtone, 373 US 503 513-15 (1963) and Spano v. New York, 360 US 315, 320-23 (1959).  When defendant alleges that a request for counsel was made and not honored by authorities, the court must make two inquiries:  (1) Whether the accused actually invoked his right to counsel, (2) If so invoked, courts may admit his responses to further question only on finding that he (a) initiated further discussion with the police, and (b) knowingly and intelligently waived the right he had invoked. See Smith v. Illinois, 469 US 91, 83 L.Fd.2d 488 (1984).

    In the instant case, Mr. Sholds was placed in a cell nude, and without clothing, bedding, or any protection from cold that produced steam from his breath, for 72 hours.

    Those actions by conspiring jail officials, at the behest of the interviewing agents, was not in furtherance of legitimate penal interests or to maintain security, etc., but use of psychological force amounting to the unnecessary and wanton infliction of pain, to maliciously and sadistically force Mr. Sholds to comply with the officers alternat demands than granting the assistance of counsel and silence.

(A.) Mr. Sholds did not initate further discussions with the police; i.e., the police initiated a third discussion proffer with Mr. Sholds, and threatened further cruel and unusual; deliberately indifferent confinement conditions than other warmed inmates, if Sholds did not comply. (B) The Arraignment Record shows this complaint by Mr. Sholds, [¶-6, above] in the presence of counsel, and the magistrate. Smith v. Illinois, supra. Thus, showing invocation of right to counsel established before plea, etc. Smith, supra. These freezing conditions imposed upon Mr. Sholds was cruel and unusual punishment, McCray v. Vurrel, 516 F.2d 537 (4th Cir. 1975); Scher v. Engelke, 943 F.2d 921 (8th Cir, 1981); Cowans v. Wyrick, 862 F.2d 697, 700 (8th Cir. 1988), specifically inflicted to overthrow Mr. Sholds will to remain silent, Townsend, supra, both by physical and psychological force, Brown, et all, supra. Due process was violated by the extraction of Sholds interview in this manner. Brown, supra. Counsels duty to Sholds was abandoned in failing to advocate these violations, McNeil, supra, Cronic, supra, of Miranda, supra, and Mr. Sholds 6th and 5th Amendment due process right to counsel, as all Laws, Constitutional Provisions, and Authorities prohibiting these actions would have prohibited any informations provided to officers without prejudice to the government as the evidence was clear in itself, and Mr. Sholds, as depicted was not aware of the photographing of the incident, due to his drunken/incapacitated stupor. Strickland, supra, not excluding, there was no mens rea for the goverment to claim. Palomino, supra.

(C.) <u>INEFFECTIVE COUNSEL</u>.

<u>ABUSE OF DISCRETION.   GROUND 4.1.</u>

In combination of ineffective counsel and abuse of the court's discretion, Mr. Sholds simply contends that the courts judgment to prohibit Shold's [future use, possession, or access (except employment) of any kind of, any type of electronic device having access ability or storage device capable of storing visual images] is cruel and unusual punishment; discriminative as said denies rehabilitative, and active normal civilian life, in violation of Shold's future <u>First Amendment</u> freedoms; <u>Fourth Amendment</u> rights to be secure in his person, house, paper, and effects; <u>Fifth Amendment</u> Liberty interests as civilians: <u>U.S. Constitution Amendment 10</u>. Thus, cruel and unusual (<u>U.S. Constitution Amendment 8</u>) as it involuntary servitude upon Sholds beyond that for which he was punished. <u>U.S. Constitution Amendment 13.1</u>; inclusive of the instant conviction in violation of <u>Amendment 13.1</u> as Mr. Sholds instant crime did not involve a computer, internet, so as to lawfully impose this sanction. By the errors, Sholds claims his sentence to be imposed in violation of the Constitution and the laws of the United States. <u>Clover v. United States, 531 US 198 203 (2001)</u> where counsel failed to protect this issue, and that sentence is thus, subject to collateral attack, <u>Hill v. U.S., 368 US 424 428 (1962)</u> as the Judgment imposes irregularities herefore, that are inconsistent with the rudimentary demands of fair play as to the crime charged. Considering the aforementioned facts, Mr. Sholds is factually and actually innocent of this sanction, <u>Schlup v. Delo, 513 US 288 (1995)</u>.

      Incorporating the aforemention, in whole, Mr. Sholds submits that his counsel's failure to litigate these issues forced Sholds to accept plea as he seen no assistance to his vital liberty interests. Instead of counsel executing his professionalism and experience, as required supra, counsel simply abandoned these unrefutable defenses which, as shown, ad hoc, petitioner's guilty plea is based on faulty and erroneous legal advise and had counsel respected Mr. Sholds wishes to raise these defenses, he would not have plead guilty, but would have proceeded to a jury trial. Thus, prejudice under <u>Strickland, supra</u>, has been shown, yet unwarranted due counsel's abandonment, <u>Cronic, supra</u>, and vacature of his conviction is warranted. <u>Hill v. Lockhart, supra</u>.

      Invoking all rights to supplementations, evidentiary hearings, etc., Mr. Sholds requests this court grant his 28:2255 Motion to its merits.

Respectfully submitted

On this, the 26th day of December, 2017

*/s/ Scott Sholds*

Scott Sholds, Reg. No. 12253-010

USP TUSCON, P.O. BOX #24550

TUSCON, ARIZONA 85734

## CERTIFICATE OF SERVICE AND MAILING

I, _Scott Sholds,_ , hereby certify under penalty of perjury pursuant to Title 28 USC §1746, that I have served a true copy of the forgoing _Memorandum Brief in Support of Motion to Vacate, Set Aside, or Correct sentence pursuant to 28 USCS § 2255_ upon the _United States Attorneys Office,_ _____ and an original copy of the same to _U.S. District Court_ _____

by placing said in the hands of the Prisons Mail room staff inmate legal/US Mail system, first class postage pre-paid and properly addressed on this the _26_ day of _December_ ,2017 for mailing thereto.

SO SWORN

_Scott Sholds_
DECLARANT

CERTIFIED MAIL RECEIPT NO. _Federal Court House_
COURT

NO. _7017-0530-0001-1511-5618_
OPPOSING PARTY

—15—

⇧ 12253-010 ⇧
Fedral Court House
35 E Mountain ST
Fayetteville, AR 72701-5354
United States

RECEIVED
WD/AR
JAN 2 2 2018
U.S. CLERK'S OFFICE

sholds #12053010
Tueson
, 84550
on Arizona
85734