IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                              PLAINTIFF/RESPONDENT

V.                            CASE NO. 5:14-CR-50035

SCOTT SHOLDS                                           DEFENDANT/PETITIONER

## MEMORANDUM OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 67) of the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas, filed in this case on January 31, 2019. The Magistrate Judge recommends dismissal of Petitioner Scott Sholds's Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255. In his objections (Doc. 70), Sholds argues that the Magistrate Judge erred in determining that Sholds's production of four separate videos of child pornography constituted four separate offenses instead of a "continuing offense" that occurred "in rapid succession." (Doc. 70 at 1). Sholds also objects to the Magistrate Judge's finding that attorney John Schisler was not ineffective when he failed to file a "motion of multiplicity counts" and a motion to suppress a statement that Sholds made to investigators, allegedly in violation of his *Miranda* rights. Finally, Sholds argues that the Court abused its discretion in imposing a particular condition of supervised release. *Id.* at 2-3.

In light of the objections to the R&R, the Court has undertaken a *de novo* review of the record, and after doing so, finds that the objections offer neither fact nor law

1

justifying deviating from the Magistrate Judge's recommendation. Accordingly, the R&R will be **ADOPTED IN ITS ENTIRETY**.

## I. OBJECTIONS 1 AND 3

In Sholds' first and third objections, he contends that his attorney was ineffective because he failed to object to the Indictment's four separate counts of production of child pornography. On direct appeal, the Eighth Circuit held that "Sholds committed four separate offenses when he decided to create four video recordings. It was not unreasonable for the court to hold Sholds accountable for that choice by sentencing him within the greater statutory maximum allowed by the four convictions." *United States v. Sholds*, 827 F.3d 758, 760 (8th Cir. 2016). "It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981). Accordingly, Objections 1 and 3 are **OVERRULED**.

## II. OBJECTION 2

In his second objection, Sholds contends his attorney was ineffective because he failed to file a motion to suppress a statement that Sholds made to law enforcement that allegedly violated his *Miranda* rights. (Doc. 70 at 5). To successfully assert a claim for ineffective assistance of counsel, a petitioner must meet both components of the two-part test found in *Strickland v.* Washington, 466 U.S. 668, 687 (1984). The petitioner must first demonstrate that "counsel's performance was deficient." *Id.* Second, the petitioner "must show the deficient performance prejudiced the defense." *Id.* Failure to file a motion to suppress "what is essentially the only evidence against a Petitioner can be sufficient to

establish a lack of diligence on the part of the attorney if the motion would have succeeded." *United States v. Johnson*, 707 F.2d 317, 320 (8th Cir. 1983).

Here, Sholds explains that during an early interaction with law enforcement around the time of his arrest, "[w]hen the Petitioner requested an attorney, *Miranda* was invoked and an attorney should have been provided to consult with him." (Doc. 70 at 2). He argues that counsel's failure to move to suppress these statements to law enforcement constitute ineffective assistance of counsel. *Id.* at 2. The Magistrate Judge points to the fact that Sholds attempted "to reinitiate contact with the officer," an act that would have permitted police to resume questioning Sholds. (Doc. 67 at 9). Sholds objects to this characterization of his interview with police and maintains that he did not reinitiate contact with officers. (Doc. 70 at 1).

Sholds's claim for ineffective assistance of counsel cannot succeed without him demonstrating that the alleged deficient performance would have actually prejudiced him. *Strickland*, 466 U.S. at 687. Even operating under the assumption that Mr. Schisler's failure to file a motion to suppress Sholds's statements was "deficient," there is nothing in the record to suggest that this lack of action actually prejudiced Sholds's decision to plead guilty. Even without the statement in question, the Government still had a considerable amount of independent evidence sufficient to convict Sholds. For example, the four videos of child pornography that were the subject of the Indictment featured a male voice with a northern accent, which several witnesses identified as Sholds's voice. (Doc. 67 at 18; Doc. 22 at 5). Further, Sholds's distinctly deformed finger appeared in at least one of the videos. *Id.* The child victim's mother placed Sholds with the victim at the time the videos were created, and the male voice in the videos used the child's nickname. (Doc.

67 at 18). Mr. Schisler referred to all this evidence as "damning" and "was convinced a jury would conclude it was the Defendant's voice on the videos and that was something Mr. Sholds and I discussed." *Id.*

Accordingly, as Sholds has failed to meet the two-part *Strickland* test for ineffective assistance, Objection 2 is **OVERRULED**.

### III. OBJECTION 4

In his fourth objection, Sholds argues that the special condition imposed by the Court limiting his internet, computer, and electronic device usage while on supervised release "is overly restrictive" because "the Petitioner never used the internet in the commission of the offense." (Doc. 70 at 3). Sholds believes the Court abused its discretion in imposing the internet restriction as part of the sentence. However, when Sholds directly appealed his sentence to the Eighth Circuit, he failed to raise the issue of the appropriateness of this particular condition of supervised release. A defendant who fails to raise a claim that could have been raised on direct appeal is procedurally defaulted from raising the claim in a collateral attack pursuant to § 2255. *Matthews v. United States*, 114 F.3d 112, 113 (8thh Cir. 1997). "This procedural default may be excused only if the petitioner 'can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted.'" *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 167-68 (1982)).

In the Motion to Vacate (Doc. 38 at 8) and in Objection 4 to the R&R, Sholds argues that the Court's imposition of the internet restriction as a special condition of supervised release is unconstitutional. However, he fails to state any cause that would excuse his failure to raise this objection on direct appeal, and he also fails to explain what actual

prejudice he would suffer if this condition were imposed. He simply cites to the condition and maintains it should not apply to him in light of the nature of his particular crimes. The Court finds that this objection was procedurally defaulted, and it should be overruled on that basis alone.

However, even if the Court were to address the objection on the merits, Sholds would not be entitled to relief. Sholds was convicted of conduct that extended far beyond simple possession of child pornography. He pleaded guilty to four counts of production of child pornography and one count of possession. (Doc. 16). He produced videos of child pornography on an electronic device: a cell phone. He also possessed still images of child pornography on that device. A district court has broad discretion to order special conditions of supervised release if each condition: 1) is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a); 2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and 3) is consistent with any pertinent policy statements issued by the Sentencing Commission. *United States v. Bender*, 566 F.3d 748, 751 (8th Cir. 2009) (quotation and citation omitted). Here, the Court finds that a special condition restricting Sholds's access to the internet, computers, and electronic devices, except "for purposes of employment," (Doc. 35 at 81), is reasonably related to the offense conduct and is not overly restrictive.

For all these reasons, Objection 4 is **OVERRULED**.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that all of Sholds's objections to the R&R are **OVERRULED**. The R&R (Doc. 67) is **ADOPTED IN ITS ENTIRETY**, and Petitioner's

5

Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 (Doc. 38) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Motion to Withdraw (Doc. 68) is **GRANTED**, and attorney Patrick F. Flake is **WITHDRAWN** from the case.

**IT IS SO ORDERED** on this 29th day of April, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE